IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Scott A. Cooper, | Civil Action No. 4:17-cv-00382-TLW |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff filed this action seeking review of the Commissioner's decision denying his disability claim. ECF No. 1. On June 22, 2018, Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation that recommended reversing the Commissioner's decision and remanding the case for further administrative action. ECF No. 26. The Commissioner did not object to the Report, and on July 25, 2018, the Court accepted the Report and remanded the case. ECF Nos. 28, 31. On March 19, 2019, the Social Security Administration (SSA) issued a Notice of Award finding that Plaintiff was owed $99,352.00 in total past-due benefits. ECF No. 33, ¶4. On April 5, 2019, Plaintiff moved for attorney's fees of $6,000 under 42 U.S.C. § 406(b)(1). ECF No. 33. The Commissioner does not object to Plaintiff's counsel's request for § 406(b) fees, noting that the fees are for time before this Court only. ECF No. 35. While the Commissioner indicated that Plaintiff's counsel was entitled to $12,140, Plaintiff's counsel filed a reply clarifying that his request is for $6,000, which is the final payment to which he is entitled for services performed in this case. ECF No. 38.

This social security matter is now before the Court on Plaintiff's counsel's Motion for Attorney Fees pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b)(1). ECF No. 33. Plaintiff was awarded $99,352.00 in total past-due benefits. Plaintiff's first fee agreement provided

1

that attorney fees for work before this court on the appeal of the Commissioner's denial of Plaintiff's 2012 Title II disability application would be 25% of the past-due benefits of the Plaintiff. Plaintiff's second fee agreement provided that attorney fees for work performed before the SSA on Plaintiff's new 2017 Title II disability application would be 25% of past-due benefits or $6,000, whichever is less. The SSA withheld $6,000 for work performed before the Commissioner and Plaintiff's counsel has received this sum. In the motion, Plaintiff's counsel seeks $6,000 in accordance with the first fee agreement, which represents a 6% contingency fee for the work he performed before this Court. An award of attorney fees of $6,000 for work performed in this court and the $6,000 award Plaintiff's counsel has already received represents 12% of Plaintiff's past due benefits. Plaintiff's counsel did not seek fees pursuant to the Equal Access to Justice Act. The Commissioner does not object to Plaintiff's counsel's request.

The Social Security Act provides that the Court may determine and allow a reasonable fee for representation not to exceed 25% of the total past-due benefits to which claimant is entitled. 42 U.S.C. § 406(b)(1)(A). The Court concludes that counsel in this case has obtained a favorable result for Plaintiff, has caused no unusual delay, and has provided thorough and diligent representation. Furthermore, the amount requested by counsel is not greater than 25% of the past-due benefits recovered by Plaintiff as required by 42 U.S.C. § 406(b).

The Court has carefully reviewed the relevant case law, Plaintiff's counsel's fee petition, filings, and accompanying fee agreements. In light of the fact that the Commissioner does not object, the Court finds that the request for fees pursuant to § 406(b) is reasonable. Again, counsel filed a Reply stating he seeks "attorney's fees [only] in the amount of $6,000 for the work performed… pursuant to 42 U.S.C. § 406(b)." Further, the Court notes that,

> an award under § 406(b) compensates an attorney for all the attorney's work before a federal court on behalf of a Social Security claimant in connection with the action

> that resulted in past due benefits. …Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award.

*Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1225 (9th Cir. 2012). Plaintiff's counsel seeks fees pursuant to § 406(b) only. Accordingly, it is **ORDERED** that the Motion for Attorney's Fees under 42 U.S.C. § 406(b)(1), ECF No. 33, is **GRANTED**, and the Commissioner is ordered to award Plaintiff's counsel $6,000.00 for court time performed on behalf of Plaintiff by counsel in connection with this civil action.

**IT IS SO ORDERED**.

s/Terry L. Wooten  
Terry L. Wooten  
Senior United States District Judge

August 14, 2019  
Columbia, South Carolina